United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GUILLERMO CASTILLO,                          No. C-12-0101 EMC

        Plaintiff,

    v.                                   **ORDER GRANTING PLAINTIFF'S**
                                             **APPLICATION TO PROCEED *IN***
                                             ***FORMA PAUPERIS* AND GRANTING**
WACHOVIA MORTGAGE, *et al.*,                 **DEFENDANT'S MOTION TO DISMISS**

        Defendants.                      **(Docket Nos. 2, 6)**
_____/

## I.   INTRODUCTION

     Plaintiff Guillermo Castillo filed a *pro se* quiet title action against Wachovia Mortgage,

formerly known as World Savings Bank ("Wachovia"),[1] and Regional Service Corporation.  Compl.,

Docket No. 1.  Plaintiff also filed an application to proceed *in forma pauperis* ("IFP").  Docket No.

2.  Defendant Wachovia has filed a motion to dismiss.  Docket No. 6.  Defendant Regional Service

Corporation has not yet appeared.  Plaintiff has filed no opposition, and failed to appear at the

hearing.  For the reasons set forth below, the Court **GRANTS** Plaintiff's application to proceed IFP

and **GRANTS** Defendant's motion to dismiss with prejudice.

## II.   FACTUAL & PROCEDURAL BACKGROUND

     On December 1, 2005, Plaintiff executed a promissory note in favor of World Savings Bank,

secured by a deed of trust to a property in Fairfield, CA, which was recorded on December 12, 2005.

Compl. ¶¶ 13-14.  World Savings, chartered as a federal savings bank, changed its name to

---

[1] As Defendant explains in its motion to dismiss, Wachovia Mortgage is a division of Wells
Fargo Bank, N.A.  Mot. at 1.  The Court will refer to Defendant as Wachovia throughout this memo
for consistency's sake, as that is how it is listed on the docket.

**United States District Court**
For the Northern District of California

Wachovia Mortgage, FSB on December 31, 2007 and to Wachovia Mortgage, a division of Wells Fargo, N.A., on November 1, 2009.  *See* Defendant's Request for Judicial Notice ("RJN"), Docket No. 7, Exs. C-G.[2]  Plaintiff alleges that World Savings Bank "caused MERS[3] to go on title as the 'Nominee Beneficiary.'"  *Id.* ¶ 15.  Plaintiff alleges that this process separated the note from the deed of trust, and that MERS "hid[] the true identity of the successive Beneficiaries when and as the alleged 'loan' (Deed of Trust) was sold."  *Id.*  Plaintiff made payments on his mortgage "until he reached a financial hardship."  *Id.* ¶ 17.  Plaintiff alleges he received a Notice of Intent to Foreclose, with MERS acting as the beneficiary and Regional Service Corporation ("RSC") as the trustee.  *Id.* ¶ 18.  However, Defendant's documents indicate that Plaintiff received a Notice of Default dated September 16, 2011, listing Wachovia as the beneficiary and RSC as the Trustee.  RJN Ex. H.  The Notice of Default does not list MERS in any capacity.  Defendant's documents also indicate that Wachovia substituted RSC as the Trustee on August 16, 2011, and recorded the substitution on September 12, 2011, before RSC issued the Notice of Default.  RJN Ex. I.  RSC then conducted a Trustee's Sale on January 17, 2012, and executed a Trustee's Deed upon sale in favor of Wells Fargo, which was recorded on January 19, 2012.  RJN Ex. J.

Plaintiff alleges that the beneficiary must physically possess the Note and Deed of Trust in order to initiate foreclosure, that Defendants have refused to produce the Note, and that Plaintiff has no proof of their authority and standing to foreclose.  *Id.* ¶¶ 19-24.  Plaintiff seeks declaratory relief, injunctive relief against the foreclosure, an order quieting title in Plaintiff's name, and damages.

///
///
///

---

[2]  The Court **GRANTS** Defendant's requests for judicial notice as they attach judicially noticeable documents under Rule 201 such as the deed of trust, note, notice of default, substitution of trustee, and trustee's deed upon sale, as well as official government documentation of Defendant's corporate status and name changes.  *See* Fed. R. Evid. 201(b); *Gamboa v. Tr. Corps*, 09-0007 SC, 2009 WL 656285, at *2-3 (N.D. Cal. Mar. 12, 2009) (taking judicial notice of recorded documents related to the foreclosure sale, including grant deed and deed of trust); *Hite v. Wachovia Mortgage*, 2:09-cv-02884-GEB-GGH, 2010 U.S. Dist. LEXIS 57732, *6-9 (E.D. Cal. June 10, 2010) (taking judicial notice of Exhibit C through G above).

[3]  Mortgage Electronic Registration System.

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.   DISCUSSION

A.      *In Forma Pauperis* Application

When presented with an application to proceed *in forma pauperis*, a court must first determine if the applicant satisfies the economic eligibility requirement of 28 U.S.C. § 1915(a).  *See Franklin v. Murphy*, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984).  Section 1915(a) does not require an applicant to demonstrate absolute destitution.  *See McCone v. Holiday Inn Convention Ctr.*, 797 F.2d 853, 854 (10th Cir. 1982) (citing *Adkins v. E.I. Du Pont de Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948)).

In his financial affidavit, Mr. Castillo states that he is not currently employed and has no current income.  His last paycheck was in May 2011.  He owns a home on which he still owes a sizeable monthly mortgage, has no other assets, and his present bank account balance is $23.  Given these circumstances, the Court **GRANTS** Mr. Castillo's application to proceed IFP.

Title 28 U.S.C. § 1915(e)(2) requires the Court to dismiss any case in which a litigant seeks leave to proceed IFP if the Court determines that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2).  To make this evaluation, the Court looks to Mr. Castillo's complaint.  Because this inquiry dovetails with Defendant's motion to dismiss, the Court will consider them together below.

B.      Motion to Dismiss

1.      Legal Standard

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint or counterclaim, facilitating dismissal to the extent the pleading fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  "Federal Rule of Civil Procedure 8(a)(2) requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).  The pleading is construed in the light most favorable to the non-moving party and all material allegations in it are taken to be true.  *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir.1986).

**United States District Court**
For the Northern District of California

1    However, even under the liberal pleading standard of Federal Rule of Civil Procedure

2  8(a)(2), "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than

3  labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

4  *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (internal brackets and

5  quotation marks omitted)).  Hence, the Court need not assume unstated facts, nor will it draw

6  unwarranted inferences.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("Determining whether a

7  complaint states a plausible claim for relief . . . [is] a context-specific task that requires the

8  reviewing court to draw on its judicial experience and common sense."); *Cousins v. Lockyer*, 568

9  F.3d 1063, 1067 (9th Cir. 2009); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.

10  2001) ("Nor is the court required to accept as true allegations that are merely conclusory,

11  unwarranted deductions of fact, or unreasonable inferences.").

12    Under *Twombly*, a plaintiff (or counterclaimant) must not merely allege conduct that is

13  conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its

14  face."  550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that

15  allows the court to draw the reasonable inference that the defendant is liable for the misconduct

16  alleged."  *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is

17  not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant

18  has acted unlawfully. . . .  When a complaint pleads facts that are merely consistent with a

19  defendant's liability, it stops short of the line between possibility and plausibility of entitlement to

20  relief."  *Id.* (quoting *Twombly*, 550 U.S. at 556-57) (internal quotation marks omitted).  In sum, if the

21  facts alleged foster a reasonable inference of liability – stronger than a mere possibility – the claim

22  survives; if they do not, the claim must be dismissed.  *See Iqbal*, 129 S. Ct. at 1949-50.

23    Ordinarily, a *pro se* complaint will be liberally construed and held to less stringent standards

24  than formal pleadings drafted by lawyers.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  The *pro*

25  *se* complaint will be dismissed only if it appears "beyond a reasonable doubt that the plaintiff can

26  prove no set of facts in support of his claim which would entitle him to relief."  *Pena*, 976 F.2d at

27  471 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  As the Ninth Circuit has recently

28  clarified, courts "continue to construe pro se filings liberally when evaluating them under *Iqbal*.

1    While the standard is higher, our 'obligation' remains, 'where the petitioner is pro se, particularly in

2    civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any

3    doubt.'"  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d

4    1026, 1027 n.1 (9th Cir. 1985) (en banc)).  However, the Court may not "supply essential elements

5    of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d

6    266, 268 (9th Cir. 1982); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (per curiam)

7    ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of

8    procedure.").

9           2.    HOLA Preemption

10          Defendant first argues that the Home Owners' Loan Act ("HOLA") preempts all of

11   Plaintiff's claims.  Congress enacted HOLA

12                    to charter savings associations under federal law, at a time when
                      record number of homes were in default and a staggering number of
13                    state-chartered savings associations were insolvent.  HOLA was
                      designed to restore public confidence by creating a nationwide system
14                    of federal savings and loan associations to be centrally regulated
                      according to nationwide "best practices."
15

16   *Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1004 (9th Cir. 2008).  HOLA gives the Office of

17   Thrift Supervision ("OTS") "broad authority to issue regulations governing thrifts." *Id.* at 1005.

18          In 1996, OTS promulgated a regulation, 12 C.F.R. § 560.2, which states in relevant part that

19   "OTS is authorized to promulgate regulations that preempt state laws affecting the operations of

20   federal savings associations" and that "OTS hereby occupies the entire field of lending regulation

21   for federal savings associations." *Id.* § 560.2(a).  In subsection (b), the regulation provides some

22   examples of state laws that are preempted – *e.g.*, laws purporting to regulate terms of credit,

23   disclosure and advertising, and processing and origination of mortgages. *See id.* § 560.2(b).  In

24   subsection (c), the regulation describes certain state laws that are not preempted, such as contract,

25   commercial, real property, and tort laws, "to the extent that they only incidentally affect the lending

26   operations of Federal savings associations or are otherwise consistent with the purposes of [the

27   regulation]." *Id.* § 560.2(c).

28

                                                     5

United States District Court

For the Northern District of California

1    Under Ninth Circuit precedent, a court uses the following framework (developed by OTS) to

2  determine whether a state law claim is preempted by HOLA and its implementing regulations.  *See*

3  *Silvas*, 514 F.3d at 1005.

> [T]he first step will be to determine whether the type of law in
> question is listed in paragraph (b) [of 12 C.F.R. § 560.2].  If so, the
> analysis will end there; the law is preempted.  If the law is not covered
> by paragraph (b), the next question is whether the law affects lending.
> If it does, then, in accordance with paragraph (a), the presumption
> arises that the law is preempted.  This presumption can be reversed
> only if the law can clearly be shown to fit within the confines of
> paragraph (c).  For these purposes, paragraph (c) is intended to be
> interpreted narrowly. Any doubt should be resolved in favor of
> preemption.

10  *Id.*  In *Silvas*, the Ninth Circuit focused not on the nature of the cause of action allegedly preempted,

11  but rather on the 'functional effect upon lending operations of maintaining the cause of action.'"

12  *Rumbaua v. Wells Fargo Bank, N.A.*, No. 11-1998 SC, 2011 U.S. Dist. LEXIS 95533, at *19 (N.D.

13  Cal. Aug. 25, 2011).

14    The Court must resolve two questions to determine whether HOLA preemption applies in

15  this case: (1) whether HOLA applies to these Defendants; and (2) whether HOLA applies to

16  Plaintiff's allegations.

17    a.    HOLA's Application to Defendants

18    In the instant case, Plaintiff's loan originated with World Savings Bank, a federal savings

19  bank.  *See* RJN, Ex. C.  The fact that World Savings Bank subsequently became Wachovia and later

20  merged into Wells Fargo (which is not a federal savings bank), *see* RJN Exs. E-G, does not render

21  HOLA inapplicable where, as here, the loan originated with a federal savings bank.  Courts have

22  held that a successor entity may properly assert HOLA preemption even if the successor entity is not

23  a federally chartered savings bank.  *See Appling v. Wachovia Mortg., FSB*, 745 F. Supp. 2d 961, 971

24  (N.D. Cal. 2010) (Koh, J.) (stating that, "although Wells Fargo  itself is not subject to HOLA and

25  OTS regulations, this action is nonetheless governed by HOLA because Plaintiff's loan originated

26  with a federal savings bank [*i.e.*, WSB] and was therefore subject to the requirements set forth in

27  HOLA and OTS regulations"); *Copeland-Turner v. Wells Fargo Bank, N.A.*, No. CV-11-37-HZ,

28  2011 U.S. Dist. LEXIS 72509, at *29-33 (D. Or. July 6, 2011) (concluding that HOLA applies to

**United States District Court**
For the Northern District of California

1    Wells Fargo as the successor to WSB and Wachovia); *Parmer v. Wachovia*, No. C 11-0672 PJH,

2    2011 U.S. Dist. LEXIS 43866, at *1-2 (N.D. Cal. Apr. 22, 2011) (noting, based upon judicially

3    noticed documents, that WSB was federally chartered by OTS as a federal savings bank, as was its

4    successor, Wachovia, which then merged into Wells Fargo; accordingly, "[WSB], Wachovia, and its

5    successor Wells Fargo, were subject to HOLA with respect to the origination and ownership of

6    plaintiff's loan, and any claims asserted by plaintiff related to the origination of his underlying loan,

7    the disclosures made in connection therewith, or the servicing or processing of the loan or its sale to

8    a subsequent purchaser, are all preempted").

9         While Plaintiff's claims are not entirely clear, it is possible that some of her allegations

10   concern conduct by Wells Fargo that took place *after* Wells Fargo merged with WSB (named

11   Wachovia at the time of the merger).  For example, Defendants issued Plaintiff's Notice of Default

12   and conducted the foreclosure sale post-merger.  Thus, if any of Defendants' allegedly wrongful

13   transfers of the Note or Deed to MERS, separation of the Note from the Deed, or other wrongful

14   conduct that deprived Defendants of the authority to foreclose occurred post-merger, Plaintiff may

15   have an argument that HOLA preemption would not be applicable.  *See Stalnaker v. Fidelity &*

16   *Deposit Co.*, No. 2:10-cv-00964, 2011 U.S. Dist. LEXIS 12890, at *9 (S.D. W. Va. Feb. 8, 2011)

17   (stating that "Ocwen has cited no authority for, and the case law does not support an assertion that a

18   successor in interest to a federal savings bank is subject to HOLA preemption for activities that took

19   place *after* the federal savings bank dissolved") (emphasis added).

20        However, *Stalnaker* involved a loan that originated post-merger, while Plaintiff's loan in this

21   case originated pre-merger.  Claims regarding foreclosures occurring post-merger are still generally

22   covered by HOLA when the loan itself originated pre-merger.  *See, e.g.*, *DeLeon v. Wells Fargo*

23   *Bank, N.A.*, 729 F. Supp. 2d 1119, 1126 (N.D. Cal. 2010) ("Wells Fargo notes that at the time the

24   loan was made to the DeLeons, 'World Savings Bank, FSB was a federally chartered savings bank

25   organized and operating under HOLA' and observes correctly that the same preemption analysis

26   would apply to any alleged conduct after November 1, 2009, when the lender merged into a national

27   banking association."); *Winding v. Cal-W. Reconveyance Corp.*, CV F 10-0041 LJO GSA, 2011 WL

28   221321, at *12 (E.D. Cal. Jan. 24, 2011) (applying HOLA to claims based on Wells Fargo's

United States District Court

For the Northern District of California

1  foreclosure post-merger where loan originated with World Savings Bank pre-merger); *Hague v.*

2  *Wells Fargo Bank, N.A.*, C11-02366 TEH, 2011 WL 6055759, at *3-5 (N.D. Cal. Dec. 6, 2011)

3  (same).  The Court has been unable to locate any cases to the contrary.

4        Accordingly, HOLA applies to all of Defendants' conduct regarding Plaintiff's loan,

5  including the post-merger foreclosure sale.  The critical question is thus whether all of Plaintiff's

6  claims are preempted.

7              b.  <u>HOLA's Application to Plaintiff's Allegations</u>

8        Although Plaintiff's allegations are not entirely clear and he only explicitly alleges a quiet

9  title claim, the gravamen of his complaint is essentially that Defendants wrongfully foreclosed on his

10 home and that he is the rightful owner of the subject property.  Plaintiff alleges that Defendants did

11 not have the authority to foreclose because they failed to produce the promissory note, MERS has

12 "sold the Deed of Trust over and over[,] and the true beneficiary is unknown and has separated the

13 Note and Deed of Trust making the deed of trust null and void."  Compl. ¶ 20.  Such claims, based

14 on Defendants' alleged failure to follow proper procedures in maintaining and servicing a loan and

15 failure to demonstrate their authority to foreclose, have consistently been determined to fall under

16 the umbrella of claims preempted by HOLA.  *See Winding v. Cal-W. Reconveyance Corp.*, CV F

17 10-0041 LJO GSA, 2011 WL 221321, at *12 (E.D. Cal. Jan. 24, 2011) ("Wells Fargo characterizes

18 the 'heart' of the complaint's claims as 'negotiable instrument' transfer and ownership and that

19 allegations to such effect fall within section 560.2(b)(10) as a challenge to a 'sale or purchase of' a

20 'mortgage' originated by a saving bank.  Wells Fargo is correct that section 560.2 preempts the

21 complaint's allegations as to misconduct surrounding foreclosure originating from negotiable

22 instrument issues.  HOLA preemption further warrants dismissal of the complaint's claims given

23 that they address 'sale or purchase of . . . or participation in, mortgages.'"); *Unlu v. Wells Fargo*

24 *Bank NA*, 5:10-CV-5422 EJD, 2011 WL 6141036, at *1, *4 (N.D. Cal. Dec. 9, 2011) (finding that

25 state law claims "that the Notice of Default was recorded by an entity that was not authorized to do

26 so" were squarely preempted by HOLA because they "are based entirely on the origination,

27 processing and servicing of Plaintiffs' mortgage loan"); *Hague v. Wells Fargo Bank, N.A.*,

28 C11-02366 TEH, 2011 WL 6055759, at *4 (N.D. Cal. Dec. 6, 2011) ("[C]laims arising from the

**United States District Court**
For the Northern District of California

1   transfer of negotiable instruments fall into the 'sale or purchase' provision of section 560.2, making

2   claims of misconduct arising from the transfer of such instruments in a foreclosure proceeding

3   preempted by HOLA.") (citing *Ahmed v. Wells Fargo Bank & Co.*, 2011 WL 1751415, at *4 (N.D.

4   Cal. May 9, 2011) ("These claims are predicated upon alleged improprieties in the foreclosure

5   procedure used by defendants and therefore affect lending because they involve the 'processing,

6   origination, servicing, sale or purchase of, or investment or participation in, mortgages,' as defined

7   in 12 C.F.R. § 560.2(b)(10)."); *Becker v. Wells Fargo Bank, N.A., Inc.*, No. 2:10-cv-02799 LKK

8   KJN PS, 2011 U.S. Dist. LEXIS 29687, at *49 (E.D. Cal. Mar. 21, 2011) ("California statutes

9   requiring certain mortgage documents to be recorded are preempted by HOLA.").

10          Although certain fraud claims would not fall under HOLA preemption, such as fraud

11   regarding the terms of the loan or misrepresentations that a loan would be modified, Plaintiff has

12   made no such allegations in his complaint.  *Cf. Ortiz v. Wells Fargo Bank, N.A.*, No. C 10-4812 RS,

13   2011 U.S. Dist. LEXIS 58243, at *12-13 (N.D. Cal. May 27, 2011) (stating that, "[w]here a party

14   adequately alleges a claim that loan documents were procured through fraud in the inception, the

15   state law claim would not represent an attempt to impose on the lender any specific disclosure duties

16   or other obligations that would contravene or interfere with the national regulatory scheme

17   contemplated by HOLA, and therefore no basis for applying preemption would arise"); *Becker*, 2011

18   U.S. Dist. LEXIS 29687 at *23-24 (E.D. Cal. Mar. 21, 2011) (fraud claim based on alleged promise

19   that lender would modify loan on certain terms not preempted); *See generally Silvas*, 514 F.3d at

20   1004-06 ("Section 560.2(c) provides that state laws of general applicability only incidentally

21   affecting federal savings associations are not preempted."); *Rumbaua v. Wells Fargo Bank, N.A.*,

22   No. 11-1998 SC, 2011 U.S. Dist. LEXIS 95533, at *19 (N.D. Cal. Aug. 25, 2011) (HOLA does not

23   "preempt all state law causes of action arising out of loan modification and/or foreclosure

24   proceedings, but only those that impose new requirements on the lender.").

25          Accordingly, the Court concludes that Plaintiff's claims are preempted by HOLA.

26          3.     Failure to State a Claim

27          To the extent that HOLA does not fully preempt Plaintiff's claims, Plaintiff has failed to state

28   a claim upon which relief may be granted.  Defendant is correct that Plaintiff cannot sustain a claim

United States District Court

For the Northern District of California

1  for quiet title, wrongful foreclosure, or any other cause of action based on Defendant's failure to

2  produce the original note. *See Tamburri v. Suntrust Mortg., Inc.*, C-11-2899 EMC, 2011 WL

3  6294472, at *10 (N.D. Cal. Dec. 15, 2011) ("As a preliminary matter, to the extent that Plaintiff's

4  wrongful foreclosure claim is predicated on the foreclosing parties' failure to physically produce the

5  note, Defendants are correct that she cannot state a viable claim on the basis of that theory.

6  California law does not require a foreclosing entity to produce the note.") (citing *Wootten v. BAC*

7  *Home Loans Servicing, LLP*, No. 10-4946 LHK, 2011 WL 500067, at *7 (N.D. Cal. Feb.8, 2011)

8  ("[U]nder California law, there is no requirement that a trustee produce the original promissory note

9  prior to a non-judicial foreclosure sale.") (citations omitted).  Nor can Plaintiff maintain a claim

10  based on any alleged securitization of the Note or separation of the Note from the Deed of Trust.

11  *See Menashe v. Bank of New York*, CIV. 10-00306 JMS, 2012 WL 397437, at *18-19 (D. Haw. Feb.

12  6, 2012) (rejecting such claims and collecting cases concluding the same).  Moreover, it appears that

13  Defendant does indeed possess said Note.  *See* RJN Ex. B.

14         In addition, Defendant's documents conclusively contradict Plaintiff's allegations that

15  MERS had any involvement with Plaintiff's loan or with the foreclosure process.  Instead, the

16  documents demonstrate that Defendant, under various names depending on the time in its corporate

17  history, has maintained its status as the beneficiary under the deed of trust.  *See* RJN Exs. A-B, H-J.

18  Thus, even assuming MERS' involvement could render the foreclosure suspect, there is no

19  indication of any such involvement in this case.  Nor is there any indication of improprieties in the

20  Notice of Default and subsequent sale, as Defendant properly substituted RSC as trustee before RSC

21  issued the Notice of Default and conducted the trustee's sale.  *See* RJN Exs. H-J; *Cf. Tamburri*, 2011

22  WL 6294472 at *12-14 (finding plaintiff had stated a claim for wrongful foreclosure where the

23  wrong party appeared to have initiated foreclosure because there had been no assignment of an

24  interest in the property at the time the party began foreclosure proceedings).  Although allegations in

25  a complaint are generally accepted as true, a court "need not accept as true allegations contradicting

26  documents that are referenced in the complaint or that are properly subject to judicial notice." *Lazy Y*

27  *Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

28

**United States District Court**
For the Northern District of California

1    Finally, even if Plaintiff could allege that the wrong party foreclosed on her home, he would

2    still have no cognizable quiet title claim because he has not alleged that he is the rightful owner of

3    the property, *i.e.*, that he has satisfied his obligations under the deed of trust.  *See Tamburri*, 2011

4    WL 6294472 at *15 ("The problem with Plaintiff's argument is that, even if the proper party did not

5    initiate foreclosure, Plaintiff does not allege that she is the rightful owner as she admits that she is in

6    default."); *Kelley v. Mortgage Elec. Registration Sys., Inc.*, 642 F. Supp. 2d 1048, 1057 (N.D. Cal.

7    2009)("Plaintiffs have not alleged that they are the rightful owners of the property, *i.e.* that they have

8    satisfied their obligations under the Deed of Trust. As such, they have not stated a claim to quiet

9    title."); *Lee v. Aurora Loan Services*, No. C 09-4482 JF (HRL), 2010 WL 1999590, at *5 (N.D. Cal.

10   May 18, 2010) ("A basic requirement of an action to quiet title is an allegation that plaintiffs 'are the

11   rightful owners of the property, *i.e.*, that they have satisfied their obligations under the Deed of

12   Trust.'") (quotations omitted); *Shimpones v. Stickney*, 219 Cal. 637, 649, 28 P.2d 673 (1934) ("It is

13   settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the

14   debt secured.").

15   Because Plaintiff does not and cannot raise a quiet title claim, his declaratory relief claim

16   also fails.  *Winding*, 2011 WL 221321 at *11 ("In the absence of a viable claim, the complaint fails

17   to support declaratory relief.").  In addition, his injunctive relief claim fails because injunctive relief

18   is a remedy, not a separate cause of action.  *Id.* at *10.

19   Accordingly, the Court **GRANTS** Defendant Wachovia's motion to dismiss on the basis of

20   HOLA preemption and failure to state a claim.  In addition, pursuant to 15 U.S.C. § 1915(e)(2), the

21   Court **DISMISSES** Plaintiff's complaint as to Defendant RSC.  Although this is Plaintiff's first

22   complaint, dismissal with prejudice is warranted because Plaintiff cannot allege any cognizable

23   claims.  *See AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012) (district

24   court may deny leave to amend when it would be futile).

25   ///

26   ///

27   ///

28   ///

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

#### IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's application to proceed *in forma pauperis*, **GRANTS** Defendant Wachovia's motion to dismiss, and **DISMISSES** Plaintiff's complaint as against all Defendants with prejudice.  The Clerk shall enter judgment and close the file.

This Order disposes of Docket Nos. 2 and 6.


IT IS SO ORDERED.


Dated:  April 11, 2012

_____
EDWARD M. CHEN
United States District Judge